UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

**PAE NATIONAL SECURITY SOLUTIONS LLC,**

    Plaintiff,

v.

**BRILLIANCE INFORMATION SDN BHD,**

Serve:
Suite 11.06, 11th Floor, No. 566
Jalan Ipoh
51200
Kuala Lumpur
Wilayah Persekutuan

    Defendant.

Case No._____

## COMPLAINT

PAE National Security Solutions LLC ("PAE" or "Plaintiff"), by counsel, submits the following Complaint against Brilliance Information SDN BHD ("BRINFO"):

## PARTIES

1. PAE is a Commonwealth of Virginia limited liability company with its principal place of business at 7799 Leesburg Pike, 3rd Floor, Falls Church, Virginia 22043.

2. BRINFO is a company incorporated in Malaysia with a business address at No. 16 Jalan Meranti SD, 13/5 Bandar Sri Damansara, 5220, Kuala Lumpur.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action is one between citizens of foreign states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

4. This Court has personal jurisdiction over BRINFO because, pursuant to the contract at issue in this matter, all actions, disputes, or proceedings arising out of the contract must be brought exclusively in state courts or federal courts located in the Commonwealth of Virginia.

## FACTUAL BACKGROUND

**Master Subcontractor Agreement**

5. On or about December 10, 2013, BRINFO entered into a Master Subcontractor Agreement ("MSA") with GreenLine Systems, Inc. ("GreenLine") whereby, upon BRINFO's request, GreenLine agreed to provide prescribed services and deliverables to BRINFO for the agreed fees. A true and accurate copy of the MSA is attached as **Exhibit 1**.

6. On or about January 1, 2015, GreenLine merged with, and into, A-T Solutions, Inc. and the surviving entity of the merger was called "A-T Solutions, Inc." ("A-T Solutions").

7. By operation of law, and pursuant to the plan of merger between the two companies, all property, assets, contractual rights, and liabilities possessed by GreenLine prior to the merger vested in A-T Solutions.

8. On or about December 31, 2016, A-T Solutions subsequently converted from a corporation to a limited liability company and changed its name to PAE.

9. When GreenLine merged with, and into, A-T Solutions, every contractual right of GreenLine automatically vested with A-T Solutions by operation of law and when A-T Solutions converted to PAE, the resulting entity is deemed to be the same entity, without interruption, as the converting entity that existed before the conversion.

10. The rights and obligations under the contracts that were entered into between GreenLine and BRINFO are assumed by and vested in PAE.

11. At all times, BRINFO was, and is, aware that GreenLine's rights and obligations under the relevant contracts were assumed by and/or vested in PAE, as, over the years, BRINFO accepted services under the contracts from PAE and corresponded with PAE for matters pertaining to the contracts.

12. Accordingly, references made to "GreenLine" under the contracts will be referred to as "PAE" throughout this Complaint.

13. Pursuant to the MSA, PAE performed software development and professional services, as well as provided related deliverables as specified in work orders, specifically the Exhibit B Work Order and Exhibit I Work Order (collectively, the "Work Orders"). True and accurate copies of the Exhibit B Work Order and Exhibit I Work Order are attached as **Exhibit 2** and **Exhibit 3**, respectively.

14. The MSA required BRINFO to pay PAE for all the fees for software license, maintenance services, and/or professional services as set forth in the Work Orders.

15. BRINFO was responsible for the timely payment to PAE of all fees and charges due under the respective Work Orders.

**Exhibit B Work Order**

16. Pursuant to the Exhibit B Work Order, PAE was required to perform software implementation and licensing services for BRINFO ("Maintenance Services").

17. In return, BRINFO was required to pay for the fees incurred under the Exhibit B Work Order over a period of three years, which terminated in January 2016.

18. PAE performed the services specified under the Exhibit B Work Order and accordingly issued invoices to BRINFO.

19. There is an outstanding balance of $823,773.00 under the Exhibit B Work Order due and owing by BRINFO.

**Exhibit I Work Order**

20. Pursuant to the Exhibit I Work Order, PAE provided various professional services on BRINFO's behalf to BRINFO's customer for the agreed fee of $1,984,470.68.

21. This fee was to be paid in sixty-one (61) milestone payments.

22. BRINFO agreed to pay for the services and/or deliverables completed by PAE within thirty (30) calendar days of the date of PAE's invoices.

23. BRINFO is deemed to have accepted PAE's deliverables and agreed to pay the associated invoice if it did not dispute the same within five (5) days of submission of a completed deliverable.

24. PAE has performed the services specified under the Exhibit I Work Order and issued invoices to BRINFO accordingly.

25. There is an outstanding amount of $1,435,409.82 due and owing by BRINFO under the Exhibit I Work Order.

**The Outstanding Payments**

26. BRINFO did not fulfill its payment obligations to pay PAE for the services under the Exhibit I Work Order and Exhibit B Work Order.

27. The specific invoices issued under the Work Orders ("Invoices") are:

| Invoice | Date | Amount (USD) |
| --- | --- | --- |
| 100GL-25 | January 5, 2016 | $823,773.00 |
| 100GL-35-03 | March 15, 2017 | $104,863.50 |
| 100GL-47 | September 30, 2017 | $25,516.53 |

| 100GL-48 | September 30, 2017 | $25,516.53 |
| --- | --- | --- |
| 100GL-49 | September 30, 2017 | $25,516.53 |
| 100GL-50 | September 30, 2017 | $25,516.53 |
| 100GL-51 | September 30, 2017 | $25,516.53 |
| 100GL-52 | September 30, 2017 | $25,516.53 |
| 100GL-53 | September 30, 2017 | $25,516.53 |
| 100GL-54 | September 30, 2017 | $25,516.53 |
| 100GL-55 | September 30, 2017 | $25,516.53 |
| 100GL-56 | October 4, 2017 | $25,516.53 |
| 100GL-57 | October 4, 2017 | $25,516.53 |
| 100GL-58 | October 4, 2017 | $25,516.53 |
| 100GL-59 | October 4, 2017 | $25,516.53 |
| 100GL-60 | October 4, 2017 | $25,516.53 |
| 100GL-61 | October 4, 2017 | $25,516.53 |
| 100GL-62 | October 4, 2017 | $25,516.53 |
| 100GL-63 | October 4, 2017 | $25,516.53 |
| 100GL-64 | October 4, 2017 | $25,516.53 |
| 100GL-65 | December 19, 2017 | $25,516.53 |
| 100GL-66 | December 19, 2017 | $25,516.53 |
| 100GL-67 | December 19, 2017 | $25,516.53 |
| 100GL-68 | December 19, 2017 | $25,516.53 |
| 100GL-69 | December 19, 2017 | $25,516.53 |
| 100GL-70 | December 19, 2017 | $25,516.53 |

| | | |
|---|---|---|
| 100GL-71 | December 19, 2017 | $25,516.53 |
| 100GL-72 | December 19, 2017 | $25,516.53 |
| 100GL-73 | December 19, 2017 | $25,516.53 |
| 100GL-74 | December 19, 2017 | $25,516.53 |
| 100GL-75 | December 19, 2017 | $25,516.53 |
| 100GL-76 | December 19, 2017 | $25,516.53 |
| 100GL-77 | December 19, 2017 | $25,516.53 |
| 100GL-78 | December 31, 2017 | $25,516.53 |
| 100GL-79 | January 26, 2018 | $25,516.53 |
| 100GL-80 | March 15, 2018 | $25,516.53 |
| 100GL-81 | March 15, 2018 | $25,516.53 |
| 100GL-82 | March 15, 2018 | $25,516.53 |
| 100GL-83 | March 15, 2018 | $25,516.53 |
| 100GL-84 | March 15, 2018 | $25,516.53 |
| 100GL-85 | March 30, 2018 | $25,516.53 |
| 100GL-86 | March 30, 2018 | $25,516.53 |
| 100GL-87 | April 12, 2018 | $51,954.50 |
| 100GL-88 | April 12, 2018 | $51,954.50 |
| 100GL-89 | April 12, 2018 | $51,954.50 |
| 100GL-90 | April 12, 2018 | $25,516.53 |
| 100GL-91 | April 12, 2018 | $51,954.50 |
| 100GL-92 | April 12, 2018 | $25,516.53 |
| 100GL-93 | April 12, 2018 | $25,516.53 |

| 100GL-94 | April 12, 2018 | $25,516.53 |
|---|---|---|
| | **TOTAL** | **$2,259,182.82** |

28. On a regular basis, PAE would demand, via emails, from BRINFO the amount outstanding under the Invoices.

29. In light of the long-outstanding payments, due to BRINFO's failure to pay the maintenance fees, on April 16, 2018, PAE suspended the Maintenance Services.

30. On several occasions, BRINFO admitted to the sum due and owing to PAE, including:

    a. By letter dated May 23, 2017, BRINFO informed PAE that it was unable to satisfy PAE's payment milestones due to its financial position and requested that PAE consider a payment proposal. A true and accurate copy of this May 23, 2017 letter is attached as **Exhibit 4**.

    b. By letter dated March 23, 2018, BRINFO informed PAE that BRINFO was experiencing financial distress and proposed to pay the sum of $823,773.00 for the Maintenance Fees due under the Exhibit B Work Order by way of a payment plan. A true and accurate copy of this March 23, 2018 letter is attached as **Exhibit 5**.

    c. By letter dated April 20, 2018, BRINFO admitted to PAE that BRINFO owes PAE the sum of $2,259,182.82. BRINFO stated that its reason for the delay in honoring the payments due was because it had to prioritize its outstanding payment obligations to other vendors of which payment had been outstanding for a longer period of time, compared to the payments due to PAE. In this letter,

        BRINFO proposed to make payment of the outstanding amount due in five installment payments. A true and accurate copy of this April 20, 2018 letter is attached as **Exhibit 6**.

d.     Similarly, by letter dated May 4, 2018, BRINFO confirmed that the "mutually agreed" outstanding amount owing to PAE is $2,259,182.82 and provided another proposed payment plan for PAE's consideration. A true and accurate copy of this May 4, 2018 letter is attached as **Exhibit 7**.

e.     By letter dated June 27, 2018, BRINFO provided further assurances that BRINFO would settle the outstanding amount. A true and accurate copy of this June 27, 2018 letter is attached as **Exhibit 8**.

31.     PAE gave final reminders to BRINFO to settle all outstanding amounts due in letters dated November 30, 2018; December 21, 2018; and January 16, 2019, but BRINFO has failed to make any payments.

32.     Paragraph 13(c) of the Master Subcontractor Agreement provides that if either party employs attorneys to enforce any rights arising out of, or relating to, the Master Subcontractor Agreement or any Work Order, the prevailing party will be entitled to recover its reasonable legal fees, costs, and other expenses. *See* **Exhibit 1**, ¶ 13(c).

## COUNT 1 – BREACH OF CONTRACT

33.     The foregoing paragraphs are incorporated herein by reference.

34.     PAE and BRINFO had a valid and binding contract whereby PAE performed software development and professional services and provided related deliverables as specified in the Work Orders, specifically the Exhibit I Work Order and Exhibit B Work Order.

35. BRINFO was required to pay PAE for the Software License, Maintenance Services, and/or Professional Services fees as set forth in the Work Orders and as further detailed in the Invoices.

36. PAE has performed the services and provided the deliverables specified in the Work Orders, but BRINFO has failed to make timely payment to PAE of all fees and charges due under the Work Orders.

37. As a result of BRINFO's failure to make payment, PAE has been damaged in the amount of $2,259,182.82.

38. Pursuant to Section 13(c) of the Master Subcontractor Agreement, PAE is also entitled to recover its attorneys' fees and costs.

WHEREFORE, Plaintiff PAE National Security Solutions LLC requests that this Court enter judgment against Defendant Brilliance Information SDN BHD for $2,259,182.82, including pre- and post-judgment interest, costs and attorneys' fees, and such further relief as the Court deems just and proper.

## COUNT 2 – QUANTUM MERUIT

39. The foregoing paragraphs are incorporated herein by reference.

40. PAE performed services (software development and professional services) and provided related deliverables as specified in the Work Orders, specifically the Exhibit I Work Order and Exhibit B Work Order.

41. BRINFO requested that PAE perform this work and PAE did in fact perform the work.

42. BRINFO knew that PAE expected to be compensated for the work performed.

43. BRINFO has accepted the benefit of PAE's work but has not made the payments due to PAE.

44. BRINFO's acceptance of the benefit without payment is inequitable and constitutes unjust enrichment.

45. The value of the services that PAE performed and the deliverables that it provided to BRINFO amounts to is $2,259,182.82.

WHEREFORE, Plaintiff PAE National Security Solutions LLC requests that this Court enter judgment against Defendant Brilliance Information SDN BHD for $2,259,182.82, including pre- and post-judgment interest, costs, and for such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff PAE National Security Solutions LLC hereby demands a jury trial on all issues so triable by a jury.

Dated: March 2, 2020

/s/ Mariam W. Tadros
Mariam W. Tadros
Virginia State Bar No. 75502
Abigail S. Reigle
Virginia State Bar No. 92947
REES BROOME, PC
1900 Gallows Road, Suite 700
Tysons Corner, VA 22182
(703) 790-1911
Fax No. (703) 848-2530
mtadros@reesbroome.com
areigle@reesbroome.com
*Counsel for Plaintiff*

2469752_1