UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PAE NATIONAL SECURITY SOLS. LLC, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRILLIANCE INFO. SDN BHD, )<br>)<br>)<br>Defendant. )<br>) | Case No. 1:20-cv-00235 (LO/IDD) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Default Judgment ("Motion"), pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 12. After no response was filed by Defendant, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED as to Count I and DENIED as to Count II** of the Complaint.

## I. INTRODUCTION

On March 2, 2020, Plaintiff, PAE National Security Solutions, LLC ("PAE" or "Plaintiff"), filed its Complaint alleging that Defendant, Brilliance Information SDN BHD, breached the Master Subcontractor Agreement ("MSA") between Plaintiff and Defendant. Dkt. No. 1. In its Complaint, Plaintiff seeks monetary damages, pre-and post-judgment interest, costs and attorney's fees. Compl. at 9-10.

1

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. Compl. ¶ 3. This Court has personal jurisdiction over Defendant pursuant to the contract at issue in the instant case. *Id*. ¶ 4; Dkt. No. 1-1 ¶ 13(c). Therefore, this Court has jurisdiction over the matter.

Because Defendant is subject to personal jurisdiction here, Defendant is "deemed to reside" in this judicial district. *See* 28 U.S.C. § 1391(c)(2). Thus, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

### B. Service of Process

Rule 4(h)(1)(B) allows a party to serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). On March 17, 2020, Plaintiff through a process server, served Nabilah Farhan, the individual "in charge of the business at the time." Proof of Serv., Dkt. No. 5. Therefore, Plaintiff properly served Defendant.

### C. Grounds for Default

Plaintiff filed its Complaint on March 2, 2020. Dkt. No. 1. Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On April 17, 2020, Plaintiff filed a Request for Entry of Default with the Clerk of Court. Dkt. No. 10. The Clerk entered Default against Defendant on April 20, 2020. Dkt. No. 11. On June 4, 2020, Plaintiff filed its Motion for Default Judgment. Dkt. No. 12. The undersigned Magistrate Judge then took this matter under advisement to issue this Report and Recommendation.

## II. FACTUAL FINDINGS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. On or about December 10, 2013, Defendant entered into a MSA with GreenLine Systems, Inc. ("GreenLine"), and upon Defendant's request, GreenLine agreed to provide services and deliverables to Defendant for agreed fees. *See* Compl., Ex. 1, Dkt. No. 1-1. GreenLine merged with and into, A-T Solutions, Inc., on or about January 1, 2015, and the surviving entity of the merger was called A-T Solutions, Inc. ("A-T Solutions"). Compl. ¶ 6. All property, assets, contractual rights, and liabilities possessed by GreenLine prior to the merger vested in A-T Solutions. *Id*. ¶ 7. On or about December 31, 2016, A-T Solutions converted from a corporation to a limited liability company and changed its name to PAE. *Id*. ¶ 8. The rights and obligations under the contracts that were entered into between GreenLine and Defendant are assumed and vested in by PAE. *Id*. ¶ 10.

Pursuant to the MSA, PAE performed software development and professional services, as well as provided related deliverables as specified in work orders. *See* Compl., Exs. 2-3, Dkt. Nos. 1-2, 1-3. The MSA required Defendant to pay PAE for all the fees for software license, maintenance services, and/or professional services as stated in the work orders. *See id*. Defendant was also responsible for timely payment to PAE for all fees and charges due under the work orders. Compl. ¶ 15. Pursuant to the Exhibit B work order, PAE was required to perform software implementation and licensing services for Defendant, and Defendant was required to pay the fees incurred over a period of three years, which terminated in January 2016. *Id*. ¶¶ 16-17. PAE performed the services pursuant to the Exhibit B work order and issued invoices to Defendant. *Id*. ¶ 18. The outstanding balance owed by Defendant under the Exhibit B work order is $823,773.00. *Id*. ¶ 19. Pursuant to the Exhibit I work order, PAE provided Defendant's customer with various

professional services, on Defendant's behalf, for an agreed fee of $1,984,470.68. Compl. ¶ 20. The fee was to be paid in sixty-one (61) milestone payments and Defendant agreed to pay for the services and deliverables completed by PAE within thirty (30) days of PAE's invoices. *Id*. ¶¶ 21-22. Defendant is deemed to have accepted PAE's deliverables and agreed to pay the invoice if Defendant did not dispute within five (5) days of submission of a completed deliverable. *Id*. ¶ 23. PAE performed the services pursuant to the Exhibit B work order and issued invoices to Defendant. *Id*. ¶ 24. The outstanding balance owed by Defendant under the Exhibit I work order is $1,435,409.82. *Id*. ¶ 25. In total, between Exhibits B and I, Defendant owes PAE $2,259,182.82. *See* Compl. ¶¶ 27, 30(c).

Defendant admitted to the sum due to PAE several times: (1) first in a letter date May 23, 2017, in which Defendant requested a payment proposal (*see* Dkt. No. 1-4); (2) second in a letter dated March 23, 2018 (*see* Dkt. No. 1-5); (3) third in a letter dated April 20, 2018, in which Defendant admitted that $2,259,182.82 was the outstanding amount owed (*see* Dkt. No. 1-6); (4) fourth in a letter dated May 4, 2018, also stating the same amount owed (*see* Dkt. No. 1-7); (5) and fifth in a letter dated June 27, 2018, in which Defendant provided further assurances that they would settle the outstanding amount (*see* Dkt. No. 1-8). Compl. ¶¶ 30(a)-(c).

Paragraph 13(c) of the MSA provides that if either party hires attorneys to enforce any rights arising out of the MSA or any work order, the prevailing party will be entitled to recover reasonable legal fees and costs, and other expenses. *Id*. ¶ 32.

### III.     EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va.

1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a valid claim). A defendant in default concedes the factual allegations of the complaint and is barred from contesting them on appeal. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and it is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a Plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### A. Count I- Breach of Contract

Plaintiff seeks to recover on a breach of contract claim under Count I of the Complaint. Under Virginia law, in pleading an action for a breach of contract, the plaintiff must demonstrate: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of the obligation; and (3) an injury or harm to the plaintiff caused by the defendant's breach." *Va. Elec. & Power Co. v. Bransen Energy, Inc*. 850 F.3d 645, 655 (4th Cir. 2017) (citing to *Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338 (2016)). A plaintiff must prove these damages with reasonable certainty. *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (2009). Contingent, speculative, and uncertain damages are not recoverable. *Id*.

Here, the undersigned finds that Plaintiff alleged sufficient facts to demonstrate that it entered into a legally enforceable obligation with Defendant. GreenLine and Defendant entered into the MSA on or about December 13, 2013. Compl. ¶ 5. The MSA provided that Plaintiff, or PAE, would perform software development and professional services and provide deliverables as specified in the work orders, and that Defendant was required to pay for fees incurred under the work orders over a period of three years. *Id*. ¶¶ 13, 14, 17. GreenLine merged into A-T Solutions, which changed its name to PAE on or about December 31, 2016. *Id*. ¶ 8. When GreenLine merged into A-T Solutions, every contractual right of GreenLine vested with A-T Solutions, later PAE. *Id*. ¶ 10. Plaintiff completed the work outlined in the MSA and the B and I work orders, and there is no indication in the record that Defendant objected to the work Plaintiff completed. *Id*. ¶¶ 19, 22 The record reflects that Defendant acknowledged the outstanding amount of $2,259,182.82 due on their behalf in a letter dated May 4, 2018. *See* Compl., Ex. 7, Dkt. No. 1-7. Plaintiff brought this action because Defendant has not satisfied the amount owed to Plaintiff. Therefore, the

undersigned finds that Plaintiff has properly established a breach of contract claim against Defendant and recommends that Plaintiff's Motion be granted as to Count I breach of contract.

### B. Count II- Quantum Meruit

In Count II of the Complaint, Plaintiff seeks to recover under quantum meruit. Although Plaintiff does not address Count II in its Memorandum in Support of Motion for Default Judgment (*see* Dkt. No. 13), the undersigned will address Count II for the sake of completeness.

"Quantum meruit is an equitable action that provides relief where one party has been unjustly enriched by the labor of another. *Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.,* 961 F.2d 489, 490–91 (4th Cir.1992)." *Artistic Stone Crafters v. Safeco Ins. Co.*, 726 F. Supp. 2d 595, 604 (E.D. Va. 2010). "Under Virginia law . . . where the contract is valid, clear and unambiguous and there is no misunderstanding concerning the price to be paid, quantum meruit is not available." *Id*. Citing *Perry Eng'g Co., Inc. v. AT & T Comm., Inc., No. 90-0153,* 1992 WL 201944, at *7 (W.D.Va. 1992). *See also Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.,* 961 F.2d 489, 491 (4th Cir. 1992) ("One cannot obtain quantum meruit relief from another if he has expressly delineated the contractual obligations the two will have on the subject in question."). Therefore, because the record reflects an agreement between the parties as well as Defendant's acknowledgment of payment due for work completed by Plaintiff, Plaintiff is unable to obtain relief under a theory of quantum meruit. Thus, the undersigned recommends that Plaintiff's Motion be denied as to Count II quantum meruit.

### C. Attorney's Fees and Costs

Pursuant to subsection 13(c) of the MSA, "[i]f either party employs attorneys to enforce the rights arising out of or relating to the MSA or any Work Order, the prevailing Party will be entitled to recover its reasonable legal fees, costs, and other expenses." MSA, Dkt. No. 1-1.

Plaintiff provided an Affidavit in Support of Petition for Attorneys' Fees and in that Affidavit, Plaintiff seeks $6,947.50 in fees and $3,599.13 in costs associated with this action. *See* Dkt. No. 13-1. The undersigned finds this request reasonable and therefore recommends an award of $6,947.50 in attorney's fees and $3,599.13 in costs, for a total of $10,546.63.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be **GRANTED** as to entry of default judgment against Defendant on Count I of the Complaint and **DENIED** as to entry of default judgment against Defendant on Count II of the Complaint. Accordingly, the undersigned Magistrate Judge recommends that an Order be entered awarding Plaintiff direct damages in the amount of $2,259,182.82 including pre-and post-judgement interest, and $10,546.63 in attorney's fees and costs.

## V.  NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

    The Clerk is directed to send a copy of this Report and Recommendation to counsel of record and Defendant at the following address:

Ms. Nabilah Farhan
Brilliance Information SDN BHD
16, Jalan Meranti SD 13/5
Bandar Sri Damansara, 52200
Kuala Lumpur, Petaling Jaya
Selangor, Malaysia

                                                 /s/ Ivan D. Davis
                                                 Ivan D. Davis
                                                 United States Magistrate Judge

September 4, 2020
Alexandria, Virginia